Robert G. Shepherd, Esq.
Brooks R. Bruneau, Esq.
Kristine L. Butler, Esq.
**MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.**
29 Thanet Road, Suite 201
Princeton, NJ 08540-3674
(609) 924-8555 Telephone
(609) 924-3036 Facsimile

Attorneys for Plaintiff,
**SALIX PHARMACEUTICALS, INC.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NOVEL LABORATORIES, INC., and CDC III, LLC.<br><br>Defendants. | Civil Action No. ____________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>ELECTRONICALLY FILED |

Plaintiff Salix Pharmaceuticals, Inc., alleges as follows:

## PARTIES

1. Plaintiff Salix Pharmaceuticals, Inc. ("Salix") is a California corporation, having its principal place of business at 1700 Perimeter Park Dr., Morrisville, North Carolina.

2. On information and belief, Defendant CDC III, LLC ("CDC III") is a Delaware limited liability company, having its principal place of business at 47 Hulfish Street, Suite 310, Princeton, New Jersey. CDC III is joined pursuant to Rule 19(a) of the Federal Rules of Civil Procedure and pursuant to the terms of the license agreement granting Salix an exclusive license under the patent in suit. CDC III is subject to realignment as a plaintiff herein.

3. On information and belief, Defendant Novel Laboratories, Inc. ("Novel") is a Delaware corporation, having its principal place of business at 400 Campus Dr., Somerset, New Jersey.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States (Title 35 of the United States Code) and the Food and Drug Laws of the United States (Title 21 of the United States Code). This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Novel and CDC III are subject to personal jurisdiction in the United States District Court for the District of New Jersey.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## CLAIM FOR RELIEF – PATENT INFRINGEMENT

7. Plaintiff realleges paragraphs 1 through 6 as if fully set forth herein.

8. United States Patent No. 5,616,346 ("the '346 patent") (a true and correct copy of which is attached hereto as Exhibit A), entitled "Non-Aqueous Colonic Purgative Formulations," issued on April 1, 1997. On information and belief, CDC III, LLC is the owner by assignment of the '346 patent. The '346 patent claims, *inter alia*, compositions comprising sodium phosphate in non-aqueous forms and methods of use thereof.

9. Salix is the exclusive licensee of the '346 patent in the field of colonic purgatives and laxatives within the United States and its territories and possessions. Under its license Salix has the right to sue infringers of the '346 patent.

10. Salix holds an approved New Drug Application No. 21-892 ("NDA") from the United States Food and Drug Administration ("FDA") for a formulation comprising monobasic sodium phosphate and dibasic sodium phosphate, which it sells under the name OSMOPREP®.

11. Plaintiff received a letter from Novel dated July 25, 2008, described as regarding "OsmoPrep; U.S. Patent No. 5,616,346; Notice of Paragraph IV Certification; Our Ref.: J429613" ("Novel's Letter"). Novel's Letter states that it has submitted an Abbreviated New Drug Application ("ANDA") to the FDA (designated ANDA No. 79-247), under 21 U.S.C. § 355(j), seeking the FDA's approval to manufacture, offer to sell, and sell a product containing the active ingredients sodium phosphate, dibasic, anhydrous and sodium phosphate, monobasic, monohydrate (hereinafter referred to as the "Proposed Product") as a generic version of Salix's OSMOPREP® product.

12. Novel's Letter asserts that, as part of its ANDA, Novel filed a certification of the type described in, and required by, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification") with respect to the '346 patent. The statute requires, *inter alia*, certification to the FDA by the ANDA applicant that the subject patent, here the '346 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted…." 21 U.S.C. § 355(j)(2)(A)(vii)(IV). The statute also requires that the ANDA applicant notify the holder of the corresponding NDA that the ANDA applicant has filed a Paragraph IV Certification, 21 U.S.C. § 355 (j)(2)(B)(iii)(II)), and that the notice to the NDA holder provides "a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed," 21 U.S.C. § 355 (j)(2)(B)(iv)(II). The FDA rules and regulations specify, *inter alia*, that the notice to the NDA holder must include: "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." 21 C.F.R. § 314.95(c). The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. § 314.95(c).

13. Novel's Letter does not dispute infringement of claims 1, 4, 9-14, and 16-19 of the '346 patent.

14. On information and belief, Novel has infringed the '346 patent under 35 U.S.C. § 271(e)(2), by, *inter alia*, submitting its ANDA to the FDA and by generally seeking

approval to manufacture, market, and offer to sell its Proposed Product prior to the expiration of the ‘346 patent.

15. Novel’s Proposed Product will infringe one or more claims of the ‘346 patent under 35 U.S.C. § 271(a).

16. The commercial manufacture, use, sale or offer for sale within the United States, or the importation into the United States, of the Proposed Product for which Novel seeks approval under ANDA No. 79-247 will infringe one or more claims of the ‘346 patent under 35 U.S.C. § 271(a).

17. This is an exceptional case under 35 U.S.C. § 285 and Plaintiff is thereby entitled to an award of its reasonable attorneys’ fees incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Salix respectfully request the following relief:

(a) A judgment declaring that the ‘346 patent remains valid and enforceable, and that Novel has infringed the ‘346 patent;

(b) A permanent injunction restraining and enjoining Novel and its officers, agents, attorneys and employees, and those acting in privity or concert with it, from engaging in any further infringement of the ‘346 patent;

(c) A judgment declaring that the effective date of any approval by the FDA under 21 U.S.C. § 355(j) of Novel’s ANDA for Novel’s Proposed Product comprising monobasic sodium phosphate and dibasic sodium phosphate shall be no earlier than the later of the expiration date of the ‘346 patent or the expiration date of any exclusivity to which Salix is or becomes entitled;

(d) A judgment that this is an exceptional case under 35 U.S.C. § 285 and an award of reasonable attorneys’ fees incurred herein;

(e) An award of the costs incurred in this action; and

(f) Such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: September 8, 2008

By: s/Robert G. Shepherd
Robert G. Shepherd, Esq.
Brooks R. Bruneau, Esq.
Kristine L. Butler, Esq.
**MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.**
29 Thanet Road, Suite 201
Princeton, NJ 08540-3674
Attorneys for Plaintiff,
SALIX PHARMACEUTICALS, INC.

*Of counsel*
Joseph F. Jennings
William R. Zimmerman
Payson LeMeilleur
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, California 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502